# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN BIRL WEEKLY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00341-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR THE FAILURE TO PROSECUTE THIS ACTION<br><br>FIVE DAY DEADLINE |

    Franklin Birl Weekly ("Plaintiff") filed this action on March 24, 2022, against Defendants the United States of America, the City of Fresno, the County of Fresno, and the California Department of Public Health. (ECF No. 1.) On the same date, requests for waiver of service were sent to Defendants, and summonses were issued to Defendants. (ECF Nos. 3, 4, 5, 6, 7, 8.) On May 31, 2022, the Court ordered Plaintiff to file a status report given no filings were made on the docket since March 24, 2022. (ECF No. 10.) On June 6, 2022, Plaintiff filed a status report indicating that Defendants were just served on June 6, 2022, and proofs of service should be docketed "shortly." (ECF No. 11.) In light of the filing, on June 7, 2022, the Court continued the scheduling conference set for June 15, 2022, to August 10, 2022. (ECF No. 12.) the Court reminded the Plaintiff of the obligation to timely serve under Federal Rule of Civil Procedure 4. See Fed. R. Civ. P. 4(m) (""If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

the action without prejudice against that defendant or order that service be made within a specified time.").

Thereafter, on June 15, 2022, the Court dismissed Defendants City of Fresno and County of Fresno from this action pursuant to Plaintiff's notice of dismissal. (ECF Nos. 13, 14.) Thus, the remaining Defendants are the United States of America, and the California Department of Public Health. Despite Plaintiff stating in the last filed declaration that proofs of service would be docketed "shortly," Plaintiff has not filed any proofs of service for the Defendants in this action. As indicated in the order setting the mandatory scheduling conference, Plaintiff must "promptly file proofs of service of the summons and complaint so the Court has a record of service . . . [f]ailure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of unserved defendants." (ECF No. 9 at 1-2.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

No proofs of service have been filed despite counsel's proffer they would be filed soon after the declaration filed June 6, 2022. Plaintiff has not shown diligence in filing proofs of service and prosecuting this action, and the Court is again left to determine the readiness for the approaching scheduling conference.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

Accordingly, IT IS HEREBY ORDERED that within five days of entry of this order, Plaintiff shall show cause in writing why sanctions should not issue for the failure to file proofs of service in this action and diligently prosecute this action in preparation of the scheduling conference. The filing shall address readiness for the scheduling conference and when Defendants' responsive pleadings are currently due. Failure to comply with this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **July 16, 2022**

UNITED STATES MAGISTRATE JUDGE