# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN BIRL WEEKLY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00341-JLT-SAB<br><br>ORDER DISCHARGING JULY 18, 2022 ORDER TO SHOW CAUSE AND JULY 26, 2022 ORDER IMPOSING SANCTIONS<br><br>(ECF Nos. 15, 18) |

    Franklin Birl Weekly ("Plaintiff") filed this action on March 24, 2022, against Defendants the United States of America, the City of Fresno, the County of Fresno, and the California Department of Public Health. (ECF No. 1.) On the same date, requests for waiver of service were sent to Defendants, and summonses were issued to Defendants. (ECF Nos. 3, 4, 5, 6, 7, 8.) On May 31, 2022, the Court ordered Plaintiff to file a status report given no filings were made on the docket since March 24, 2022. (ECF No. 10.) On June 6, 2022, Plaintiff filed a status report indicating that Defendants were just served on June 6, 2022, and proofs of service should be docketed "shortly." (ECF No. 11.) In light of the filing, on June 7, 2022, the Court continued the scheduling conference set for June 15, 2022, to August 10, 2022. (ECF No. 12.) The Court reminded the Plaintiff of the obligation to timely serve under Federal Rule of Civil Procedure 4. See Fed. R. Civ. P. 4(m) (""If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

the action without prejudice against that defendant or order that service be made within a specified time.").

Thereafter, on June 15, 2022, the Court dismissed Defendants City of Fresno and County of Fresno from this action pursuant to Plaintiff's notice of dismissal. (ECF Nos. 13, 14.)  Thus, the remaining Defendants are the United States of America, and the California Department of Public Health.  Despite Plaintiff stating in the last filed declaration that proofs of service would be docketed "shortly," Plaintiff did not file any proofs of service for the Defendants in this action.  As indicated in the order setting the mandatory scheduling conference, Plaintiff must "promptly file proofs of service of the summons and complaint so the Court has a record of service . . . [f]ailure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of unserved defendants." (ECF No. 9 at 1-2.)

On July 16, 2022, the Court signed an order, entered on the docket on July 18, 2022, requiring Plaintiff to show cause within five (5) days why sanctions should not issue for the failure to prosecute this action. (ECF No. 15.)  The Court expressly ordered Plaintiff to "address readiness for the scheduling conference and when Defendants' responsive pleadings are currently due," and expressly warned Plaintiff that sanctions would issue if the order was not complied with. (Id.)

On July 19, 2022, Plaintiff filed two documents in response to the order to show cause. First, a proof of service indicating that Defendant United States was served on June 6, 2022, with the proof of service signed July 19, 2022. (ECF No. 16.)  The second filing is a proof of service indicating that the California Department of Health was served on June 6, 2022, with the proof of service signed on July 19, 2022. (ECF No. 17.)  Plaintiff presented no filing or written direct response to the order to show cause explaining why sanctions should not issue, and did not address the Court's express requirement to address readiness for the scheduling conference. Therefore, on July 26, 2022, the Court ordered Plaintiff and Plaintiff's counsel be obligated to pay the Clerk of the Court $50.00 per day, beginning on July 26, 2022, until Plaintiff files a compliant response to the Court's July 18, 2022 order to show cause.

On the same date, July 26, 2022, Plaintiff's counsel filed a declaration in response to the

Court's July 18, 2022 and July 26, 2022 orders. (ECF No. 19.) Counsel offers sincere apologies to the Court for oversight in not complying with the Court's orders; deadlines were not calendared by staff at the law firm; counsel's office has been significantly understaffed due to staff out with COVID-19 and several others working from home; counsel immediately acted when counsel learned of the oversight; and again apologizes for not addressing the specific requirements of the order to show cause, emphasizing he is short-staffed. Plaintiff additionally proffers that Defendant United States' responsive pleading was due July 14, 2022, and California Department of Public Health's responsive pleading was due July 6, 2022. However, the United States contacted Plaintiff informing of improper service on July 11, 2022. On July 18, 2022, Plaintiff counsel again served the United States.

The Court finds it concerning that Plaintiff filed the apparently ineffective proof of service on July 19, 2022, after the date Plaintiff re-served the United States. (ECF No. 16.) Based on the Court's review of the emails between counsel and staff around this time, it appears counsel and staff do indeed have a haphazard manner of trying to quickly complete and affirm service through emails. (See ECF No. 19 at 15-17.) Counsel is admonished for essentially submitting an incomplete service record into the docket on July 19, 2022. (ECF No. 16.)

Nonetheless, the Court finds counsel has recognized the importance of abiding by the obligations of prosecuting this action, and keeping the Court informed of the status of this action, given the prompt complete and substantive response the same evening the Court's sanctions order issued. (ECF No. 19.) The Court finds counsel's prompt filing justifies declining to impose the $50 daily sanction.

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that the Court's July 18, 2022 order to show cause, and the Court's July 26, 2022 order imposing daily sanctions, and any sanctions arising therefrom (ECF Nos. 15, 18) are hereby DISCHARGED.

IT IS SO ORDERED.

Dated: **July 27, 2022**

UNITED STATES MAGISTRATE JUDGE