**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANKLIN BIRL WEEKLY, | Case: 1:22-cv-00341-JLT-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS; DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| UNITED STATES OF AMERICA; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; AND DOES 1-25, inclusive, | |
| | (Doc. 23.) |
| Defendants. | |

Franklin Birl Weekly brings this action pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 2671 *et seq.*), against the United States of America ("the Government") and the California Department of Public Health.  (Doc. 1 at 1–2.)[1]  Pending is the Government's Motion to Dismiss, or in the Alternative, for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 23 at 1.)

The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g).  For the reasons set forth below, the Government's Motion to Dismiss (Doc. 23) is

---

[1] On June 15, 2022, Plaintiff voluntarily requested the dismissal of Defendants City of Fresno and County of Fresno. (Doc. 13 at 2.)  The next day, the magistrate judge terminated those defendants.  (Doc. 14.)  Accordingly, the only remaining defendants in this action are: (1) the United States of America; (2) the California Department of Public Health; and (3) Does 1–50.  (Doc. 1 at 2–3, ¶¶ 5–7 (listing named parties to this action).)

1 GRANTED.

2     **I.**      **Factual and Procedural Background**

3         On or about September 16, 2020, Plaintiff visited an unnamed medical facility in Fresno.

4 (Doc. 1 ¶ 2.)  At the facility, Plaintiff "attempted to sit in a chair" when "suddenly[,] and without

5 warning, the chair rolled away from under and away from him, causing Plaintiff to fall onto the

6 ground," thereby inflicting Plaintiff with several physical injuries.  (*Id.* at ¶ 11.)

7         **A.**   **Weekly's First Lawsuit**

8         On March 15, 2021, Plaintiff submitted a "Claim for Damage, Injury, or Death"—termed

9 a "Standard Form 95"—to the Veterans Administration ("VA"), requesting one million dollars in

10 medical damages resulting from his personal injuries.  (Compl., Doc. 1 at ¶ 10; Ex. A-1, Def.'s

11 Mot., Doc. 23-3 at 4–5.)[2]

12         On September 20, 2021, Plaintiff filed suit in this District against the same named

13 defendants to the instant action.  (*See Weekly v. United States*, No. 1:21-cv-1396-AWI-BAM

14 (E.D. Cal. Sept. 20, 2021) ("*Weekly I*"), Docket #1.)  The next day, the United States Department

15 of Veterans Affairs denied Plaintiff's administrative claim.[3]  (Ex. A, Doc. 23-3 at 8.)

---

16
17 [2] Though not attached to Plaintiff's complaint, the Court may consider the Government's copy of Plaintiff's Standard Form 95, without converting the instant motion into a motion for summary judgment:

18
19
20 > Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. . . . The court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).

21
22
23 *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal citations and quotation marks omitted); *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("Under the 'incorporation by reference' doctrine in this Circuit, 'a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment.'") (citation omitted).

24
25 In his instant complaint, Plaintiff refers to his submitted "claim" to the VA (Doc. 1 at ¶ 10), relies on it as providing both a jurisdictional and meritorious basis to his FTCA claim (Ex. A-1, Doc. 23-3 at 4–5), and in his Opposition, not only failed to dispute the authenticity of the Government's attachment, but agreed that "[o]n March 15, 2021, Plaintiff mailed an administrative claim to the Veterans Administration ("VA")."  (Pl.'s Opp'n, Doc. 27 at 7.)

26
27
28 [3] Though Plaintiff's complaint represents that his claim "has not [yet] been rejected by an agent for [the Government]," (Doc. 1 at ¶ 10), when resolving a motion to dismiss, the Court is "not . . . required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice[.]" *Daniels-Hall*, 629 F.3d at 998; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint.") (citation omitted).  It is well-settled that on a motion to dismiss posture, the Court may take judicial

On January 21, 2022, the Government filed an answer to the 2021 complaint, pleading as an affirmative defense that the court lacked subject-matter jurisdiction because "plaintiff had not exhausted administrative remedies prior to filing suit." (*Weekly I*, Docket #13 at ¶ 2.)[4]  On February 4, 2022, Plaintiff filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), dismissing all of Plaintiff's claims against the Government without prejudice.  (*Id.*, Docket #15.)  On March 17, 2022, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i), voluntarily dismissing *Weekly I* in its entirety.  (*Id.*, Docket #23.)

### B. The Present Action

On March 24, 2022, Plaintiff filed the instant action.  (Doc. 1.)  Between March 24, 2022, and May 31, 2022, Plaintiff failed to file proof that he served each defendant with a summons and copy of the complaint, or that each defendant waived service, pursuant to Federal Rule of Civil Procedure 4.  *See* Fed. R. Civ. P. 4(c), (d), (l), (m).  Therefore, on May 31, 2022, the assigned magistrate judge issued an order requiring the plaintiff to file a status report within five days. (Doc. 10.)

On June 6, 2022, Plaintiff's attorney filed a Declaration, stating that for each defendant, "Proof of Service is pending and is expected to be filed with the Court shortly."  (Doc. 11 at

---

notice of "records and reports of administrative bodies," such as the instant decision issued by the U.S. Department of Veterans Affairs.  *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("We may take judicial notice of records and reports of administrative bodies.") (internal quotation marks and citation omitted); *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.") (citation omitted), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

[4] As previously stated, when evaluating a motion to dismiss under Rule 12(b)(6), "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. . . . But a court cannot take judicial notice of disputed facts contained in such public records."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal citation and quotation marks omitted); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999)).

Thus, the Court takes judicial notice of the existence of the previous action filed in this District, the existence of the Government's Answer in that action, and the existence of the parties' filings on this separate docket.  The Court will not, however, accept as true any disputed facts between the parties in this separate action.  For example, in neither the previous nor the instant action does it appear that Plaintiff concedes the court lacked subject-matter jurisdiction to entertain his previous lawsuit; he only represents that the parties agreed he would re-file his complaint.  (*See* Pl.'s Opp'n, Doc. 27 at 7–8.)  The Court therefore expresses no opinion regarding whether Plaintiff administratively exhausted his remedies before filing suit in the previous action.

¶¶ 2–4.)  On June 15, 2022, Plaintiff dismissed the City of Fresno and County of Fresno from this action.  (Doc. 13.)  On July 18, 2022, the magistrate judge issued an Order to Show Cause, stating: "No proofs of service have been filed despite counsel's proffer they would be filed soon after the declaration filed June 6, 2022.  Plaintiff has not shown diligence in filing proofs of service and prosecuting this action[.]" (Doc. 15 at 2.)  Plaintiff filed his Rule 4(l) Proofs of Service on July 19, 2022, for both the Government and the CDPH.  (Docs. 16, 17.)[5]

On September 16, 2022, the Government filed its instant Motion to Dismiss.  (Doc. 23.)  On September 30, 2022, Plaintiff filed his Opposition (Doc. 27), and on October 7, 2022, the Government filed its Reply.  (Doc. 28.)  The matter is fully briefed and ripe for consideration and disposition.

## II.  **Legal Standards**

### A.  **Rule 12(b)(1)**

"Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction. . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022) (same).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  A facial attack, for example, "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction."  *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks and citation omitted); *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (noting that a facial attack tests the "legal adequacy" of the plaintiff's

---

[5] The California Department of Public Health has yet to appear in this action.

jurisdictional allegations); *In re Zappos.com, Inc.*, 888 F.3d 1020, 1023 n.2 (9th Cir. 2018) (explaining that when a defendant's Rule 12(b)(1) motion to dismiss "asserts that the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law . . . [the Court] take[s] the allegations in the plaintiff's complaint as true.") (internal quotation marks and citation omitted).

Like a motion to dismiss under Rule 12(b)(6), a Rule 12(b)(1) facial attack requires the Court to presume the truth of the plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009); *see also Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, 830 F. App'x 821, 822–23 (9th Cir. 2020); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "By contrast, a factual attack contests the *truth* of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (internal quotation marks and citations omitted) (emphasis in original).

The Government's instant motion challenges the legal adequacy of Plaintiff's complaint on sovereign immunity grounds. (Doc. 23-1 at 7.) This argument therefore tests the sufficiency of the allegations in the complaint "on their face" to invoke federal jurisdiction. *See Salter*, 974 F.3d at 964; *Ehrman*, 932 F.3d at 1228. Accordingly, the Court assumes that the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *Holy See*, 557 F.3d at 1073; *Superama Corp.*, 830 F. App'x at 822–23; *Wolfe*, 392 F.3d at 362.

## B.  Rule 12(b)(6)

Under Rule 12(b)(6), a district court must dismiss if a claim fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted

1   unlawfully." *Id.* Plaintiffs must "nudge[] their claims across the line from conceivable to

2   plausible" or "their complaint must be dismissed." *Twombly,* 550 U.S. at 570.

3   **III.    Discussion**

4        The complaint alleges one cause of action under the FTCA, pursuant to theories of

5   negligence *per se* under California Government Code §§ 815.2 and 835. (Doc. 1 at ¶¶ 14–16).

6   The Government moves to dismiss this claim against it on four separate grounds:  (1) Plaintiff

7   failed to properly serve it with a summons and copy of the complaint pursuant to Federal Rule of

8   Civil Procedure 4 (Doc. 23-1 at 5–6); (2) Plaintiff's FTCA claims are barred by the statute of

9   limitations because Weekly filed his lawsuit more than six months after the VA mailed its denial

10  of his claim (*id.* at 7); (3) under Federal Rule of Civil Procedure 12(b)(1), the Court lacks subject-

11  matter jurisdiction to entertain this case because the United States has sovereign immunity under

12  the FTCA (*id.* at 7–8); and (4) Plaintiff's complaint must be dismissed under Rule 12(b)(6)

13  because it fails to satisfy the pleading standards set forth in *Twombly* and *Iqbal.*  (*Id.* at 8–9.)

14       It is established that when confronted with arguments challenging both subject matter

15  jurisdiction and the merits of the plaintiff's complaint, the Court must first address a challenge to

16  its jurisdiction. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31

17  (2007) ("[A] federal court generally may not rule on the merits of a case without first determining

18  that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the

19  parties (personal jurisdiction).") (citation omitted); *see also Pub. Lands for the People, Inc. v.*

20  *U.S. Dep't of Agric.*, 733 F. Supp. 2d 1172, 1181 (E.D. Cal. 2010) ("Federal courts must address

21  jurisdictional issues before addressing the merits.") (internal footnote and citation omitted).

22       **A.  Waiver of Sovereign Immunity Under the FTCA**

23       The Government asserts that the FTCA does not waive sovereign immunity in this case

24  because Plaintiff's complaint relies only on California Government Code §§ 815.2 and 835,

25  which provide for public entity liability, rather than private entity liability. (Doc. 23-1 at 7

26  ("Because Sections 815.2 and 835 apply only to public entities and not private persons, the

27  United States has immunity from them.").)

28       Plaintiff's opposition brief is entirely devoid of any discussion, argument, or mention of

6

1  the Government's sovereign immunity arguments.  (*See* Doc. 27 at 8–16 (Plaintiff's response to

2  the Government's arguments relating to statute of limitations deficiencies), 16–18 (continued

3  argument for equitable tolling of statute of limitations), 19–20 (arguments relating to the

4  complaint's sufficiency under *Twombly* and *Iqbal*).)  In this District, as well as in other courts in

5  this circuit, a plaintiff's failure to respond to a defendant's argument set forth in a dispositive

6  motion constitutes waiver of that argument.  *See Avalos v. Cnty. of San Joaquin*, No. 2:22-cv-

7  00861-TLN-KJN, 2023 WL 5021265, at *6 (E.D. Cal. Aug. 4, 2023) (Nunley, J.) (granting

8  defendant's motion to dismiss Plaintiff's Claims Seven and Nine of complaint because "Plaintiff

9  fail[ed] to address Defendant's arguments as to Claims Seven and Nine in Opposition.") (citation

10  omitted); *Arthur J. Gallagher & Co. v. Petree*, No. 2:18-cv-03274-JAM-KJN, 2022 WL

11  1241232, at *5 (E.D. Cal. Apr. 27, 2022) (Mendez, J.) (in summary judgment context: "Failure to

12  oppose these arguments constitutes waiver and does not demonstrate entitlement to summary

13  judgment.") (citation omitted); *Excel Fitness Fair Oaks, LLC v. Newsom*, No. 2:20-cv-02153-

14  JAM-CKD, 2021 WL 795670, at *4 (E.D. Cal. Mar. 2, 2021) (Mendez, J.) (holding that in a

15  motion to dismiss context, "Plaintiff's failure to address these arguments constitutes waiver.")

16  (citation omitted).[6]

17       However, even if Plaintiff had *not* waived this argument, the Government would still

18  prevail.  Title 28 U.S.C. § 1346(b)(1) confers jurisdiction to federal courts in cases against the

19  Government in limited circumstances:

20           [T]he district courts . . . shall have exclusive jurisdiction of civil
             actions on claims against the United States, for money damages,
21           accruing on and after January 1, 1945, for injury or loss of property,
             or personal injury or death caused by the negligent or wrongful act
22           of omission of any employee of the Government while acting within
             the scope of his office or employment, under circumstances where
23           the United States, *if a private person*, would be liable to the claimant
             in accordance with the law of the place where the act or omission
24           occurred.

25

26

27  [6] For other Districts in this Circuit that have held the same proposition regarding waiver, *see, e.g.*, *Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593-BRO (PJWx), 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument.") (citation omitted); *Lopez v.*

28  *Cnty. of Los Angeles*, No. 15-cv-03804-THE, 2016 WL 54123, at *3 (N.D. Cal. Jan. 5, 2016) ("Plaintiff failed to oppose—and thus conceded—this argument.").

1  28 U.S.C. § 1346(b)(1) (emphasis added).

2  Plaintiff's complaint unequivocally rests on a theory of negligence and personal injury

3  against the Government and its employees. (*See* Doc. 1 at ¶¶ 12 ("Defendants UNITED STATES

4  OF AMERICA . . . carelessly and negligently owned, rented, managed, leased . . . and/or

5  controlled the premises . . . such that it was in a dangerous, defective and unsafe condition in

6  conscious disregard for the risk of harm to invitees thereon."), 16 ("Defendants UNITED

7  STATES OF AMERICA . . . and the employees are liable for Plaintiff's injuries under the

8  Government Code, including but not limited to, Section 815.2."), 17 (stating physical injuries

9  incurred from Plaintiff's fall). As previously stated, the complaint specifically mentions only

10  provisions of the California Government Code sections 815.2 and 835. (*Id.* at ¶¶ 14–16).

11  California Government Code § 815.2 provides: "*A public entity* is liable for injury

12  proximately caused by an act or omission of an employee of the public entity within the scope of

13  his employment[.]" Cal. Gov't Code § 815.2 (emphasis added). Similarly, section 835 of the

14  Code states, "Except as provided by statute, a *public entity* is liable for injury caused by a

15  dangerous condition of its property . . . and that either: (a) A negligent or wrongful act or

16  omission of *an employee of the public entity* within the scope of his employment created the

17  dangerous condition; or. . ." Cal. Gov't Code § 835(a) (emphases added).

18  As previously stated, "[t]he FTCA waives the United States' sovereign immunity for tort

19  claims against the federal government in cases where a *private individual* would have been liable

20  under 'the law of the place where the act or omission occurred.'" *Snyder & Assocs. Acquisitions*

21  *LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017) (quoting 28 U.S.C. § 1346(b)(1))

22  (emphasis added). If a tort claim does not waive sovereign immunity, then "the district court

23  lacks subject matter jurisdiction." *Id.*; *cf. Brownback v. King*, 141 S. Ct. 740, 749 (2021) ("[A]

24  plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the

25  claimant' under state law both to survive a merits determination under Rule 12(b)(6) and to

26  establish subject-matter jurisdiction.") (citing 28 U.S.C. § 1346(b)(1)).

27  For this reason, an FTCA claim premised on public entity liability statutes, such as

28  California Government Code § 835, does not confer subject-matter jurisdiction on the Court. *See*

8

1   *Mace v. United States*, No. 15-CV-0460-LB, 2015 WL 8770677, at *2 (N.D. Cal. Dec. 15, 2015)

2   ("[O]nly public entities can be liable under § 835.  Private actors cannot.  The FTCA thus does

3   not waive sovereign immunity to the plaintiff's § 835 dangerous-condition claim against the

4   United States.  The court consequently lacks jurisdiction to hear that claim."); *United States v.*

5   *Montrose Chem. Corp. of Cal.*, 788 F. Supp. 1485, 1492 (C.D. Cal. 1992) ("[S]ince California

6   Government Code § 835 provides for liability of the *State* for maintaining a dangerous condition

7   on public property, it cannot be the basis of an action against a private person, and thus it cannot

8   be the basis for an action against the United States under the F.T.C.A.") (emphasis in original).

9   For the same reason, section 815.2 cannot confer subject-matter jurisdiction on this Court—it too

10  is a public entity liability statute that does not create liability for private persons or entities.  *See*

11  *United States v. Olson*, 546 U.S. 43, 46 (2005) (holding that the FTCA "requires a court to look

12  to the state-law liability of private entities, *not to that of public entities*, when assessing the

13  Government's liability under the FTCA[.]") (citing *Indian Towing Co. v. United States*, 350 U.S.

14  61, 64 (1955)) (emphasis added).

15          Thus, the Court grants the Government's Motion to Dismiss for two reasons.  First,

16  Plaintiff's failure to respond to the Government's sovereign immunity arguments constitutes

17  waiver of this claim.  Second, even if Plaintiff did not waive this claim, the Court must still grant

18  the Government's motion because sections 815.2 and 835 of the California Government Code are

19  public entity liability statutes, and as such, do not create liability on private persons.  Title 28

20  U.S.C. § 1346(b)(1) only waives sovereign immunity on behalf of the Government in instances

21  where it is liable if it were a private person.  Neither Government Code can serve as the basis for

22  waiving such immunity, and accordingly, the Court lacks subject-matter jurisdiction to hear this

23  case.  Without jurisdiction, the Court is powerless to proceed to the merits of the instant dispute.

24  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction[,] the court

25  cannot proceed at all in any cause.  Jurisdiction is the power to declare the law, and when it

26  ceases to exist, the only function remaining to the court is that of announcing the fact and

27  dismissing the cause.").

28          **B.  Statute of Limitations**

9

1    Even if the Court had jurisdiction to entertain the merits of this case and Plaintiff was able

2    to amend his complaint to cure the above defect, the Government is correct in its assertion that

3    Plaintiff's action is time-barred by the FTCA's statute of limitations.  (Doc. 23 at 6–7.)

4    Other than its administrative exhaustion requirement, 28 U.S.C. § 2675(a), the FTCA

5    contains two pertinent statutes of limitation.  Specifically, the FTCA states, "A tort claim against

6    the United States *shall be forever barred* unless it is [1] presented in writing to the appropriate

7    Federal agency within two years after such claim accrues or [2] unless action is begun within six

8    months *after the date of mailing*, by certified or registered mail, of notice of final denial of the

9    claim by the agency to which it was presented."  28 U.S.C. § 2401(b) (emphases added).

10   As previously discussed (*see supra* Sections I.A. & I.B.), Weekly submitted his

11   administrative claim to the VA on March 15, 2021.[7]  (Ex. A, Doc. 23-3 at 4–5.)  On September

12   21, 2021, the VA mailed its denial of Plaintiff's claim.  (Ex. A, Doc. 23-3 at 8.)  On March 24,

13   2022—six months and three days "after the date of mailing . . . of [the VA's] notice of final

14   denial of [his] claim," 28 U.S.C. § 2401(b)—Plaintiff initiated the instant lawsuit.[8]  As such, the

15   FTCA's six-month statute of limitations bars this action.

16   The FTCA's six-month statute of limitations may be equitably tolled.  In *United States v.*

17   *Wong*, the Supreme Court explicitly held that "the FTCA's time bars are nonjurisdictional and

18   subject to equitable tolling," 575 U.S. 402, 420 (2015), and the parties' briefs represent the same.

19   (Doc. 27 at 12–16; Def.'s Reply, Doc. 28 at 2 ("The United States does not dispute that the statute

20   of limitations is not jurisdictional").)  Therefore, the only remaining issue is whether Weekly has

21   satisfied his burden in showing that the statute of limitations should be equitably tolled in this

22

23   [7] In the discussion portion of its motion, the Government inadvertently represents that Plaintiff "submitted his
     administrative claim to the VA on March 22, 2021" (Doc. 23 at 7) rather than March 15, 2021, however, other
24   sections of the Government's motion make clear that March 22, 2021 is the date the VA *received* his administrative
     claim.  (Doc. 23 at 2 ("On March 15, 2021, [Weekly] mailed an administrative claim to the [VA], *which was received*
25   on March 22, 2021.") (emphasis added); *id.* n.2; Ex. A, Doc. 23-3 at ¶ 3 ("On March 22, 2021, the VA received an
     administrative claim . . . on behalf of the plaintiff in this matter, Franklin Weekly.").)

26   [8] This six-month statute of limitations is strictly applied.  *See Wong*, 575 U.S. at 405 ("The INS denied the
     administrative complaint on December 3, 2001.  Under the Act, that gave Wong six months, until June 3, 2002, to
27   bring her tort claim in federal court.") (citing 28 U.S.C. § 2401(b)); *Alonzo v. United States*, No. 1:17-CV-539-LJO-
     SKO, 2017 WL 3264010, at *1 (E.D. Cal. Aug. 1, 2017) (holding that when plaintiffs filed their complaint six
28   months and one day after the agency mailed its denial letter, the plaintiffs' claim was forever barred by the FTCA's
     statute of limitations).

1   case.  (Doc. 28 at 2 ("Weekly, however, has not proven that he is entitled to equitable tolling").)

2   　　　　"'Generally, a litigant seeking equitable tolling bears the burden of establishing two

3   elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4   circumstances stood in his way.'"  *Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019)

5   (quoting *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)).  "The doctrine

6   is not available to avoid the consequence of one's own negligence and does not apply when a late

7   filing is due to claimant's failure to exercise due diligence in preserving his legal rights."  *Id.*

8   (internal quotation marks and citation omitted).  The first element—due diligence—requires "the

9   effort that a reasonable person might be expected to deliver under his or her particular

10  circumstances and asks whether the plaintiff was without any fault in pursuing his claim."  *Booth*

11  *v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019) (cleaned up) (internal quotation marks and

12  citations omitted); *see also Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257

13  (2016) (describing the diligence prong as covering "those affairs within the litigant's control" and

14  that equitable tolling should not apply "when a litigant was responsible for its *own* delay.")

15  (emphasis in original).  By contrast, the second element—the extraordinary circumstances

16  inquiry—"is meant to cover matters outside [the litigant's] control."  *Menominee Indian Tribe*,

17  577 U.S. at 257.  The party requesting equitable tolling must show "some extraordinary

18  circumstance stood in [his] way and prevented timely filing" of the action.  *Id.* at 255.

19  　　　　In sum, the first element asks what steps the plaintiff took toward attempting to timely file

20  his claim, while the second element asks what obstacles prevented the plaintiff from properly

21  doing so in the first instance.  The Supreme Court has clarified that these are "distinct elements"

22  and notes that it has "reject[ed] requests for equitable tolling where a litigant failed to satisfy one

23  without addressing whether he has satisfied the other."  *Id.* at 256 (citations omitted).  In support

24  of his request to equitably toll the FTCA's six-month statute of limitations, Plaintiff's Opposition

25  states, in pertinent part:

26  　　　. . . Plaintiff was not dilatory in [pursuing] a Tort Claim against the United States.
       Plaintiff followed all the procedures and arguably met all the deadlines. . . [T]he
27     United States Attorney's Office was served with or became aware of the complaint
       before the six-month time period to file a lawsuit against the government would run.
28     Defendant was aware that Plaintiff was attempting to perfect service upon it for

some time and at multiple locations.  Instead of promptly moving for dismissal on these grounds within a time period Plaintiff could cure the defect, the United States Attorney's [O]ffice decided to play a game of 'legal chess' with one of its citizens. The Office waited until after the deadline in which Plaintiff could re-serve the complaint to complaint an incorrect location was utilized. . . As such, the Court should equitably toll the statute of limitations to allow Plaintiff to re-file and re-serve the complaint.

(Doc. 27 at 16.)

It appears that Plaintiff has confused the doctrine of equitable tolling with the Government's arguments relating to Plaintiff's improper service pursuant to Rule 4.  (*See* Doc. 23 at 5–6 ("Weekly has not properly served the United States.").)  The doctrine of equitable tolling is a separate, two-step inquiry that, while partially concerned with providing notice to the defendant that the plaintiff has filed a lawsuit against it, *see Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1053 (9th Cir. 2013) (mentioning that in addition to the two-step equitable tolling test, the plaintiff "fulfilled the notice concern that partially underlies limitations statutes" by informing both the parties and the court of her desire to file an FTCA claim "well before the deadline and [then] requesting leave to do so") (citations omitted), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015), ultimately requires the party seeking tolling to provide a "particular reason" the court should do so.  *Wong*, 732 F.3d at 1051.  Plaintiff's Opposition has failed to provide such reasons why he filed this lawsuit late, other than that he "arguably met all the deadlines," and that the Government had notice he intended to re-file his lawsuit.  (Doc. 27 at 16.) These arguments, however, do not suffice.

Once more, the equitable tolling doctrine requires Plaintiff to satisfy his burden on *both* elements:  due diligence and extraordinary circumstances.  *Menominee Indian Tribe*, 577 U.S. at 257; *Redlin*, 921 F.3d at 1140.  Plaintiff voluntarily dismissed his first, timely lawsuit in this Court, *Weekly I*, on March 17, 2022, pursuant to Rule 41(a)(1).  (*Weekly I*, Doc. 23.)  The Ninth Circuit has held that "it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999).  After filing his voluntary dismissal in *Weekly I*, the Court lost jurisdiction over Plaintiff's lawsuit, and, more

1   importantly, the Court and the parties must treat that lawsuit "as though no action had been

2   brought." *Id.*

3        On March 24, 2022, Plaintiff filed the instant action.  (Doc. 1.)  The FTCA required

4   Plaintiff file this lawsuit by March 21, 2022—six months after the date that the VA mailed its

5   denial of his claim.  28 U.S.C. § 2401(b).  Plaintiff has provided no reason why he waited until

6   three days after the deadline to file the instant lawsuit. Even if the Court views his previous

7   lawsuit as providing support for the "due diligence" element, Plaintiff has failed to provide any

8   reason that would demonstrate the extraordinary circumstances that impeded him from timely

9   filing this action.  *Menominee Indian Tribe*, 577 U.S. at 257 (both elements are required for the

10  court to equitably toll the limitations period); *Redlin*, 921 F.3d at 1140–41 (affirming district

11  court's denial of equitable tolling because "Redlin has alleged no extraordinary circumstances

12  excusing his failure to [file a motion for reconsideration or a lawsuit within six months]").

13  Without proffering any reason why Plaintiff filed this action late, the Court reminds Plaintiff that

14  equitable tolling "is not available to avoid the consequences of one's own negligence and does

15  not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his

16  legal rights."  *Redlin*, 921 F.3d at 1140 (internal quotation marks and citation omitted).

17       Accordingly, the Court finds that (1) Plaintiff filed this lawsuit after the FTCA's six-

18  month statute of limitations period, and (2) the doctrine of equitable tolling does not apply to save

19  Plaintiff's untimeliness.  As such, Plaintiff's FTCA claim is "forever barred," 28 U.S.C.

20  § 2401(b), making it futile to grant Plaintiff leave to amend his complaint.  *Wiens v. U.S. of Am.*

21  *Veterans Hosp.*, No. 2:17-cv-2438 MCE DB PS, 2018 WL 3244032, at *4 (E.D. Cal. July 3,

22  2018) (Barnes, J.) (denying leave to amend complaint because it would be futile after plaintiff's

23  "argument fail[ed] to present any basis for equitable tolling"), *F. & R. adopted*, No. 2:17-cv-2438

24  MCE DB PS (Doc. 22 Aug. 24, 2018) (England, Jr., J.); *Shipman v. United States Postal Serv.*,

25  No. 3:21-cv-00606-SB, 2022 WL 2341741, at *1 (D. Or. June 28, 2022) (denying motion for

26  leave to amend complaint because plaintiff's FTCA negligence claim is "forever barred" after he

27  untimely filed the lawsuit past the statute of limitations period).

28       **C.  Decline to Exercise Supplemental Jurisdiction**

1     When a federal court has original jurisdiction over a claim, the court "shall have

2 supplemental jurisdiction over all other claims that are so related to claims in the action . . . that

3 they form part of the same case or controversy." 28 U.S.C. § 1367(a).  State claims are part of the

4 same case or controversy as federal claims "when they derive from a common nucleus of

5 operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial

6 proceeding." *Kuba v. 1-A Agric. Assoc.*, 387 F.3d 850, 855-56 (9th Cir. 2004) (internal quotation

7 marks and citation omitted).

8     Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right," and district

9 courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons."

10 *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks,

11 citations omitted).  Pursuant to 28 U.S.C. § 1367(c)(3), the Court may "decline supplemental

12 jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction,"

13 and need not state its reasons for dismissal.  *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159

14 F.3d 470, 478 (9th Cir. 1998).

15     The basis for subject-matter jurisdiction in this case was the FTCA pursuant to 28 U.S.C.

16 § 1346.  After dismissing Plaintiff's FTCA claim against the Government, however, it appears

17 that the only remaining claims in this action are against Defendants CDPH and Does 1 to 50,

18 brought under theories of negligence *per se* pursuant to California Government Code §§ 815.2

19 and 835.  (Doc. 1 at ¶¶ 14–16.)

20     With the Government dismissed from this action, the FTCA can no longer serve as the

21 basis for federal subject-matter jurisdiction.  *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998)

22 ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows

23 claims against the United States."); *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir.

24 1998) ("[T]he United States is the only proper party defendant in an FTCA action[.]").  As

25 previously explained, 28 U.S.C. § 1346(b)(1) confers district courts with "exclusive jurisdiction

26 of civil actions on claims against the United States, for money damages . . . for injury or loss of

27 property, or personal injury or death" caused by a negligent employee.  28 U.S.C. § 1346(b)(1).

28 Without an active FTCA claim, and with the United States dismissed as a defendant to this action,

the Court lacks either federal question jurisdiction, *see* 28 U.S.C. § 1331, or jurisdiction because the United States is a defendant, *see* 28 U.S.C. § 1346.

The Court reads Plaintiff's complaint as alleging only state law claims against the CDPH and Does 1 to 50, and therefore declines to exercise supplemental jurisdiction of these claims sounding in negligence. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (3) the district court has dismissed all claims over which it has original jurisdiction[.]"); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (internal footnote omitted) (citation omitted); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) (holding that district court did not abuse its discretion for declining to exercise supplemental jurisdiction and for dismissing remaining state law claims after it "dismissed the only claim over which it had original jurisdiction").

## CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

(1)     The Government's Motion to Dismiss (Doc. 23) is **GRANTED** as to the Federal Tort Claims Act, which is **DISMISSED WITHOUT LEAVE TO AMEND.**

(2)     Finding no other basis for the exercise of subject matter jurisdiction, the Court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims.

(3)     The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:   __October 13, 2023__

UNITED STATES DISTRICT JUDGE